# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                             **CRIMINAL ACTION NOS.: 3:00-CR-46-2**
                                              3:00-CR-6-2

                                   **(GROH)**

**KEYSTON JAMORY WEST**,

    Defendant.

## ORDER DENYING MOTION FOR MODIFICATION OF SENTENCE

Pending before this Court is the defendant's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c). [ECF 269 in 3:00-CR-46-2; ECF 629 in 3:00-CR-6-2].

In his motion for a sentence reduction, the defendant seeks the benefit of a 2014 revision of the Drug Quantity Table of § 2D1.1 provided by Sentencing Guidelines Amendment 782. 18 U.S.C. § 3582(c)(2) provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

1

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. See United States v. Dunphy, 551 F.3d 247 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009); Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding involving the reduction of sentence under 18 U.S.C. § 3582(c)).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [782], and all other guideline decisions will remain unaffected." United States v. Gilliam, 513 F. Supp. 2d 594, 597 (W.D. Va. 2007) (citing USSG § 1B1.10); see also Dillon v. United States, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.").

In this case, the defendant was convicted by a jury with, *inter alia*, the killing of an individual in furtherance of a continuing criminal enterprise. The sentencing judge found a base offense level of 43, pursuant to U.S.S.G. § 2A1.1, plus a two level increase for obstruction of justice, resulting in a total offense level of 45. Inasmuch as the Sentencing Guidelines only go to level 43, the Court used level 43 for the imposition of sentence. With a total offense level of 43 and a criminal history category of V, the guidelines call for the imposition of a life sentence. The Judge sentenced the defendant to a sentence of life imprisonment.

Under Amendment 782, the base offense level for the killing of an individual in furtherance of a continuing criminal enterprise did not change. There being no change in the total offense level, this Court will not reduce the defendant's sentence.

For the foregoing reasons, the Court **DENIES** the Motion for Modification of Sentence.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and the USPO and to mail a copy to the defendant.

**DATED:** May 18, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE